HAMMOND'S EX'RS. *vs* O'HARA.—June, 1827.

To entitle the collector of the county tax to recover in his own right, from a taxable inhabitant, the amount of his assessment, such collector must show that the taxes placed in his hands for collection, had been paid over to the persons in whose favour levies had been made, or adduce some proof, showing that he had furnished such evidence to the proper tribunal for adjusting his accounts.

The circumstance, that an account presented by a collector to the levy court, was by that court, filed in the clerk's office, is no evidence that the Levy Court adopted it.

ERROR to *Anne-Arundel* County Court. This was an action of *assumpsit*. The declaration contained two counts, one for

money paid, laid out and expended, and the other a special count. The defendants below, (now plaintiffs in error,) pleaded *non assumpsit*, and issue was joined.

At the trial the plaintiff below, (the defendant in error,) offered in evidence, that at a levy court held in and for *Anne-Arundel* county, on the 10th of March 1821, a tax of $1 04 pr. $100 was laid on the assessable property in said county, to be collected by the collector of said county, according to law, in the year 1820; that the plaintiff was appointed collector to collect the tax aforesaid, and duly qualified as such; that *Philip Hammond*, the defendant's testator, had then and there assessable property assessed on the books of said county, to such an amount that the tax thereon, agreeably to the rate aforesaid, amounted to the sum of $260 13; that the plaintiff in the month of March 1822, made a full settlement in the usual form with the levy court of *Anne Arundel* county, of the taxes levied upon the said county as aforesaid, in the year 1821; the account of which settlement, filed by said levy court in the clerk's office of said county, read in evidence, is in the words and figures following:

"Dr. The Levy Court of *A. A.* County in acct. with *Wm. O'Hara*, Coll'r. for 1820.

| 1822. March. | | 1821. March. | |
|---|---|---|---|
| To amount of levies for 1820, as per list rendered, | 23,785 34 | By amount of taxes placed in my hands for collection, as per list rendered, | 25,233 56 |
| To 6 pr. cent. commission on $25,233 56, | 1,514 71 | By balance due the court for 1819, see ac't. for that year, | 41 31 |
| | | By balance due me for 1820, | 25 18 |
| | $25,300 05 | | $25,300 05" |

The defendant then prayed the opinion of the court, and their instruction to the jury, that the plaintiff was not entitled to recover. Which opinion and instruction, the Court, [*Dorsey*, Ch. J. and *Kilgour* and *Wilkinson*, A. J.] refused to give. The defendants excepted; and the verdict and judgment being against them, they brought the present writ of error.

The cause was argued before Buchanan, Ch. J. and Earle. Stephen, and Archer, J. by

*Brewer, jr.* and *Speed,* for the Plaintiffs in error; and by *Alexander,* and *Wells,* for the Defendants in error.

Archer, J. delivered the opinion of the court. There is no evidence in the bill of exceptions taken in this cause, which would justify a recovery against the defendants below.

In order to entitle himself to a recovery, the plaintiff should have shown either that the taxes placed in his hands for collection had been paid over to the persons in whose favour levies had been made by the levy court, or some proof should have been adduced to show that the collector had furnished such evidence to the proper tribunal for adjusting his accounts.

It is said, it is true, that he settled with the levy court in the usual form; and if the bill of exceptions had stopped here, the plaintiff's case would have been made out; but it proceeds to adduce what it calls the *account of the settlement* filed by the levy court in the clerk's office, which is nothing more than an account adduced by the collector himself against the county, in which his accounts are balanced. Whether the levy court adopted this account, as stated by the collector, no where appears, or that they have in manner sanctioned it by any endorsement ordered to be made on the account, or by any entry directed by them to be made in their proceedings. Their filing it in the clerk's office is no evidence that they had adopted it. This might, and probably would have been done in the absence of any adjustment, had the account been delivered to them, in order that it might be safely preserved for future arrangement.

Entertaining this view of the evidence, we deem it unnecessary to express any opinion on the various legal questions which have been presented in the argument of this case; and disagreeing in the opinion expressed by the county court, direct a reversal of their judgment.

JUDGMENT REVERSED.